C. M. JOHNSON SAND & GRAVEL COMPANY *v.* QUARLES.

Opinion delivered January 21, 1916.

1.  NAVIGABLE WATERS—SAND AND GRAVEL—CONTROL OF, BY STATE.—The State is the owner of the lands under the navigable waters within the State, and between the highwater marks, and Act 265 of the Acts of 1913, authorizing the sale of sand and gravel upon certain restrictions provided, is valid.

2.  NAVIGABLE WATERS—SAND AND GRAVEL.—By Act 265, 1913, and Act 138, 1915, the Legislature provided an exclusive method for the sale and disposition of the sand and gravel in all the navigable streams of the State, and made it unlawful to take any sand or gravel therefrom for sale otherwise than as provided; such acts therefore being in conflict with Act 348 of the Acts of 1907, the latter is therefore held to be repealed.

Appeal from Phillips Circuit Court; *W. G. Dinning,* Special Judge; reversed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant The State of Arkansas.

1.    Prior to the passage of the Act of 1907 the title was in the State in trust for the whole people.    152 U. S. 1; 53 Ark. 320; 113 *Id.* 150.

2.    While the Act of 1907 was a *special* act, it has been expressly and impliedly repealed by the later Acts of 1913 and 1915.    88 Ark. 327-8; 82 *Id.* 302; 97 U. S. 546.

3.   If the Act of 1907 granted Quarles the title in fee simple it was void; if it merely granted a license or privilege it was repealed by subsequent legislation and the license revoked. 146 U. S. 387; Art. 2, § 18 Const.; 110 Ark. 205; 117 Ark. 54; Art. 2, § 19 Const.; 43 Ark. 42; 43 *Id.* 42 to 62; 113 *Id.* 157.

*Andrews & Burke,* for appellant C. M. Johnson Sand & Gravel Co.

1.   The Act of 1907 has been expressly and impliedly repealed by Act 265, Acts 1913 and Act 138, Acts 1915. 29 N. E. 595; 65 *Id.* 956; 100 N. W. 261; 36 Cyc. 1069; 100 Ark. 507; 80 *Id.* 411; 88 *Id.* 324; 92 *Id.* 600.

2.   The sand and gravel beds between the shore line and the middle thread of the river belong to the State; the riparian owner takes title only to high water mark. 53 Ark. 314; 113 *Id.* 149; 119 Ark. 377; 146 U. S. 387; 48 So. 643.

3.   The State can not delegate its trusteeship. 113 Ark. 149. The title to lands beneath navigable waters is vested in the State as trustee for the people, and are not for sale or conversion into other values. 152 U. S. 1; 60 So. 223; 39 So. 571; 45 N. E. 830; 52 *Id.* 1052; 54 Ind. 471; 69 S. W. 782; 84 N. W. 855; 158 S. W. 746; 140 Pac. 637; 21 L. R. A. 189.

4.   The Act of 1907 is unconstitutional and void. 110 Ark. 204; 117 Ark. 54; 6 Rul. Case Law, § 374, p. 381.

5.   The repeal of said act does not impair the obligation of a contract. 43 Ark. 180; 42 S. W. 817.

Kirby, J.   Clarence Quarles, the owner of certain lands on the Mississippi River, brought this suit against the sand and gravel company for sand and gravel taken from the bed of the Mississippi River, between his shore lands and the thread of the stream, claiming to be the owner of said sand, with the exclusive right to remove and sell same under Act 348 of the Acts of 1907 of the General Assembly of Arkansas.

The defendant, the sand and gravel company, demurred to the complaint and specially demurred, alleging

that said act was repealed by Acts 265 of the 1913 session and 138 of the 1915 session of the Legislature and that it was void, being in violation of sections 18 and 19, article 2 of the Constitution.

The State of Arkansas filed an intervention and a general demurrer and specially demurred to the complaint for the same reasons set out by the defendant and as a fifth ground alleged that the said Act of 1907 was invalid because the bed of the navigable stream belonged to the State in trust for the people and the Legislature was without power to delegate the trust. It alleged its ownership of the sand and gravel, that same had been taken by the appellant, the C. M. Johnson Sand & Gravel Company, which was indebted to it in the sum of $5,000, on account thereof.

The defendant sand and gravel company interposed a demurrer to the State's complaint. The court overruled the demurrers of C. M. Johnson Sand & Gravel Company and of the intervener, the State of Arkansas, to the complaint of the plaintiff, and sustained the demurrer of the defendant, the sand and gravel company, to the complaint of the intervener, and the defendant C. M. Johnson Sand & Gravel Company and the intervener, the State of Arkansas, declined to plead further and the complaint of the intervener was dismissed and judgment rendered against the defendant C. M. Johnson Sand & Gravel Company, from which rulings these appeals were prosecuted.

Act No. 348 of the Acts of 1907 grants the exclusive right to remove sand and gravel for private use or for sale as an article of commerce from the beds, sand bars and tow heads formed in the Mississippi River to the riparian owner, in front of whose lands such sand and gravel may be found, to the middle thread of the stream, and provides that the right granted shall not be exercised in such manner as to interfere with the use of the stream as a public highway.

The Legislature of 1913 by Act No. 265 made it unlawful for any corporation or person to take sand and

gravel from any sand and gravel bar of any navigable stream in the State, without notifying the Attorney General, and upon his consent, paying into the State Treasury a certain price per yard for the gravel taken, the money realized from the sale to be placed to the credit of the General Revenue Fund, and specially repeals all laws in conflict.

The Legislature of 1915, by Act 138, entitled "An Act to protect the beds and bars of navigable streams and lakes in the State of Arkansas," made it unlawful for any person, firm, company, corporation or association of persons to take sand or gravel from the beds or bars of navigable rivers and highways of the State, without first procuring the consent of the Attorney General and agreeing in writing to pay therefor the designated price per cubic yard and report monthly to the Attorney General an itemized verified statement of the amount taken. This act makes it a misdemeanor to remove the sand or gravel without the consent of the Attorney General. The act prescribes the punishment for its violation, and authorizes the Attorney General to bring suit to recover the price of any sand or gravel, etc., taken and not paid for in accordance with its terms.

Section 3 of this act limits its provisions to such persons and corporations as shall take sand or gravel for commercial purposes and it does not apply to those who remove it for personal or private use.

(1)    It is no longer questioned that the State is the owner of the lands under the navigable waters within its borders and between the highwater marks and said Act 265 of the Acts of the General Assembly of 1913 authorizing the sale of sand and gravel under the restriction provided has been held a valid enactment. *State ex rel. Attorney General* v. *Southern Sand & Material Co.,* 113 Ark. 149. It was there decided that the State held the title or right as a trustee for its citizens and that the disposal by sale of sand and gravel in the bed of a navigable stream was not a relinquishment of the State's control over the common property and did not impair the rights of com-

mon enjoyment nor interfere with navigation, that the sale of the sand and gravel as provided, was not a tax, but a method of utilizing the common property of the State for the benefit of the citizens. It was there said: "Now, the State can not delegate its trusteeship by disposing of navigable waters or beds thereof, for one Legislature might resume a power which had been surrendered by its predecessor. * * * The bed of the stream being held by the sovereign for the benefit of the citizens that right may be enjoyed in the way that the legislative branch of government may determine for the benefit of the public, and it is not inconsistent with the public use to require those who actually take sand and gravel to pay for it so that the benefits may be diffused among all the people of the State."

It can not be denied that said special Act of 1907, grants the exclusive right to take, use and sell sand and gravel from the bed of the Mississippi River to the riparian owner in front of whose lands such sand and gravel may be found, but the provisions of said Acts of 1913 and 1915 are both inconsistent with and repugnant to the provisions of said special Act of 1907, the act of 1913 expressly repealing all laws in conflict.

(2) The State can not delegate its trusteeship in disposing of navigable waters or beds thereof as said in *State v. S. Sand & Material Co., supra,* where it was held that said act was but a method of utilizing the common property of the State for the benefit of the citizens. Conceding without deciding that the State could grant the exclusive right to riparian owners of lands on the Mississippi River, to take and sell sand and gravel from the beds thereof adjoining the shore lands without granting any such right to other owners along navigable streams, it was at most but a privilege, the grant of which could be withdrawn at any time. By said Acts of 1913 and 1915, the Legislature provided an exclusive method for the sale and disposition of the sand and gravel in all the navigable streams of the State, and made it unlawful to take any sand and gravel therefrom for sale otherwise than as pre-

scribed. These later acts cover the entire subject-matter to which they relate and manifest an intention to abrogate the privilege granted by the special act since the provisions of said special act can not stand with the others, being inconsistent with and repugnant thereto. *Hampton v. Hickey,* 88 Ark. 327; *Western Un. Tel. Co.* v. *State,* 82 Ark. 302; *United States* v. *Claflin,* 97 U. S. 546.

It follows that the court erred in overruling the demurrers to the plaintiff's complaint and in sustaining the demurrer of C. M. Johnson Sand & Gravel Co, to the State's complaint as intervener.

For this error the judgment is reversed and the cause remanded with directions to sustain the demurrers of both the sand and gravel company and the State, to the complaint of plaintiff and to overrule the demurrer of defendant, sand and gravel company to the intervener's complaint and for further proceedings, according to law.